```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA

APRIL L. ALLEN,                    )
                                   )
          Plaintiff,               )
                                   )
v.                                 )    Case No. CIV-21-155-JAR
                                   )
COMMISSIONER OF SOCIAL             )
SECURITY ADMINISTRATION,           )
                                   )
          Defendant.               )
```

**OPINION AND ORDER**

Plaintiff April L. Allen (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be **REVERSED** and the case **REMANDED** for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 31 years old at the time of the ALJ's decision.

3

Claimant completed her high school education. She then attended come college classes but did not obtain a degree. Claimant has no past relevant work. She alleges an inability to work beginning January 23, 2016 due to limitations resulting from nerve damage to her back, scoliosis, obesity, severe depression, severe anxiety, and associated problems.

**Procedural History**

On January 26, 2017, Claimant protectively filed for supplemental security income under Title XVI (42 U.S.C. § 1381 *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On June 12, 2019, Administrative Law Judge ("ALJ") Derek N. Phillips conducted a video hearing in with Claimant appearing in Paris, Texas and the ALJ presiding from Dallas, Texas. On July 19, 2019, the ALJ entered an unfavorable decision. On May 4, 2020, the Appeals Council remanded the case to the ALJ for an evaluation of Claimant's mental impairments. By his decision dated December 21, 2020, the ALJ again denied Claimant's disability claim. On March 23, 2021, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

4

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform less than a full range of light work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the medical evidence; and (2) failing to make a proper consistency assessment pertaining to Claimant's testimony as compared to the medical evidence.

**Evaluation of the Medical Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of obesity, scoliosis, major depressive disorder, bipolar disorder, and generalized anxiety disorder. (Tr. 17). The ALJ concluded Claimant could perform less than a full range of light work. (Tr. 20). In so doing, the ALJ found Claimant could lift, carry, push, and/or pull up 20 pounds occasionally and 10 pounds frequently. He also determined Claimant could sit, stand, and/or walk for six hours in an eight hour workday; could occasionally reach overhead bilaterally; could never crawl or climb ladders, ropes, or scaffolds but she could

occasionally balance, stoop, kneel, crouch, or climb ramps and stairs. The ALJ found Claimant could not be exposed to unprotected heights, but she could occasionally operate a motor vehicle and be exposed to moving mechanical parts, extreme heat, and vibration. In understanding, remembering, and carrying out instructions, Claimant could perform simple, routine, and repetitive tasks, but not at a production-rate pace. Claimant could frequently interact with supervisors and co-workers, while she could only occasionally do so with the public. (Tr. 20).

After consulting with a vocational expert, the ALJ concluded Claimant was capable of performing the representative jobs of routing clerk, housekeeping cleaner, and office helper. (Tr. 24). As a result, the ALJ concluded Claimant was not under a disability since October 25, 2017. Id.

Claimant first asserts that the ALJ failed to properly evaluate the mental residual functional capacity assessments of Ryan Jones, Ph.D. and Stephen Drake, Ph.D., both state agency psychological consultants. Dr. Jones found Claimant was "moderately limited" in the functional areas of the ability to understand and remember detailed instructions, ability to carry out detailed instructions, ability to maintain attention and

6

concentration for extended periods, ability to interact appropriately with the general public, and ability to respond appropriately to changes in the work setting. (Tr. 111-113). He concluded that Claimant could perform simple and some complex-type work (1-4 steps) with routine supervision, could relate to others on a superficial work basis and incidental public, and was able to adapt to work setting and some forewarned changes in a usually stable work setting. (Tr. 113). Dr. Drake made identical findings in his assessment. (Tr. 128-130).

In the RFC, the ALJ determined Claimant could "frequently interact with supervisors and co-workers, while she [can] only occasionally do so with the public." (Tr. 20). He found the opinions of Dr. Jones and Dr. Drake to be "somewhat persuasive for the reasons discussed in connection with the paragraph B criteria." (Tr. 21).

The ALJ acknowledged the opinions of the state agency psychological consultants but concluded that the evidence which "post-dated these opinions does not show evidence of worsening to suggest marked limitation in my criterion." He also found that "these consultants were unable to consider claimant's testimony or appear to appreciate the lack of deficits" which the ALJ found

7

only supported mild limitation. The ALJ concluded that "these opinions are well-supported but not entirely consistent with the record; therefore, they are only somewhat persuasive." (Tr. 18-19).

For claims filed after March 27, 2017, the regulations include a new section entitled "How we consider and articulate medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017." 20 C.F.R. § 404.1520c. The regulation provides that the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a).

The regulation further provides that the Social Security Administration ("SSA") will consider each medical source's opinions using five factors, supportability, consistency, relationship of source to claimant, specialization, and other factors tending to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a)(c)(1-5). It provides that the most important factors in evaluating persuasiveness are supportability and consistency. Id.

8

The regulation explains that the decision will articulate how persuasive the SSA finds all medical opinions and prior administrative medical findings. 20 C.F.R. § 404.1520c(b). The articulation requirement applies for each source, but not for each opinion of that source separately. 20 C.F.R. § 404.1520c(b)(1).

It requires that the SSA "will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision.  We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions and prior administrative medical findings in your case record." 20 C.F.R. § 404.1520c(b)(2).  The regulation explains that when the decisionmaker finds two or more medical opinions or prior administrative medical findings are equal in supportability and consistency "but are not exactly the same," the decision will articulate the other most persuasive factors from paragraphs (c)(3) through (c)(5). 20 C.F.R. § 404.1520c(b)(3).  Finally, the regulation explains that the SSA is not required to articulate how it considered evidence from non-medical sources.  20 C.F.R. § 404.1520c(d).

9

The factor of supportability "examines how closely connected a medical opinion is to the evidence and the medical source's explanations: 'The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s), the more persuasive the medical opinions will be.'" Zhu v. Comm'r, SSA, 2021 WL 2794533, at *5 (10th Cir. July 6, 2021)(internal brackets and ellipsis omitted)(quoting 20 C.F.R. § 404.1520c(c)(1)). Consistency, by contrast, "compares a medical opinion to the evidence: 'The more consistent a medical opinion(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) will be.'" Id. (internal ellipsis omitted)(quoting 20 C.F.R. § 404.1520c(c)(2)).

In this case, the ALJ only took issue with the state agency psychologists' assessment of Claimant's limitations in the paragraph B criteria pertaining to understanding, remembering, or applying information.  The remainder of the opinions were considered by the ALJ to be "well-supported."  Among these "well-supported" findings were that Claimant could "relate to others on a *superficial work basis*" and have only *incidental* contact with the public.  The ALJ did not adopt these terms in the RFC.  Rather,

the ALJ determined Claimant could "*frequently* interact with supervisors and co-workers, while she [can] only *occasionally* do so with the public."

Courts have held that " 'occasional' and 'superficial' are not coterminous." Miller v. Kijakazi, No. CIV-20-218-SPS, 2021 WL 4311811, at *4 (E.D. Okla. Sept. 22, 2021) quoting Wood v. Comm. of Soc. Sec., 2019 WL 1614591, at *3 (S.D. Ohio, April 16, 2019) (citing cases). "'Occasional contact' goes to the quantity of time spent with the individuals, whereas 'superficial contact' goes to the quality of the interaction." Id. quoting Wartak v. Colvin, 2016 WL 880945, at *7 (N.D. Ind. March 8, 2016) ("Perhaps the ALJ determined that a shift in the frequency of contact would compensate for the depth of contact; but the ALJ does not say so, and there is no support for such a finding in the record."); *see also* Greene v. Saul, 2020 WL 4593331, at *4 (N.D. Ind. Aug. 11, 2020) ("Because the ALJ in this case made no attempt to explain the basis for his decision to limit Mr. Greene to 'occasional interaction' rather than 'superficial interaction,' the ALJ failed to build an accurate logical bridge between the evidence and the RFC. This failure warrants remand.").

The ALJ failed to provide an explanation for rejecting Dr.

11

Jones' and Dr. Drake's findings concerning the interaction with supervisors, co-workers and the general public. Clifton v. Chater, 79 F.3d 1007, 1010 (10th Cir. 1996)("in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."). On remand, the ALJ shall explain his basis for rejecting these psychological consultants' opinions. He should strive to align the terms he uses in setting forth Claimant's mental limitations in the RFC with those of the experts providing evidence in the case.

**Consistency of Evidence with Claimant's Testimony**

Claimant also contends the ALJ failed to perform a proper analysis of her testimony and whether that testimony was consistent with the medical record. "A claimant's subjective allegation of pain is not sufficient in itself to establish disability. Before the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain." Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (citations omitted).

12

The ALJ is then required to consider all the relevant objective and subjective evidence and "decide whether he believe[d] the claimant's assertions of severe pain," Luna v. Bowen, 834 F.2d 161, 163 (10th Cir. 1987).

The ALJ concluded that

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 21).

The ALJ then sets out in not insignificant detail the medical record that contradicts Claimant's specific testimony of limitation. (Tr. 21-23). Deference must be given to an ALJ's evaluation of Claimant's pain or symptoms unless there is an indication the ALJ misread the medical evidence as a whole. *See* Casias v. Sec'y of Health & Hum. Servs., 933 F.2d 799, 801 (10th Cir. 1991). Any findings by the ALJ "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). The ALJ's decision

"must contain specific reasons for the weight given to the [claimant's] symptoms, be consistent with and supported by the evidence, and be clearly articulated so the [claimant] and any subsequent reviewer can assess how the [ALJ] evaluated the [claimant's] symptoms." Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *10 (Oct. 25, 2017). However, an ALJ is not required to conduct a "formalistic factor-by-factor recitation of the evidence[,]" but [she] must set forth the specific evidence upon which he relied. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

Except for the aforementioned error in the consideration of the state agency psychological consultants, the remainder of the analysis of the consistency of the medical record with Claimant's testimony is sufficient. No error is attributable to this portion of the ALJ's decision.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings consistent with this decision.

IT IS SO ORDERED this  28th  day of September, 2022.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE